UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KASEY HOYLE** | : | **CIVIL ACTION NO. 2:13-cv-2950** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **DON DIXON, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Kasey Hoyle (hereinafter "Hoyle"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana.

On November 19, 2014, this court filed a memorandum order directing Hoyle to amend his complaint. Doc. 5. On December 2, 2014, the court received documentation returning the memorandum order sent to him. Doc. 6. The return had the notation "not here." The document was mailed to Hoyle at the last address supplied.

Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Further, Local Rule 41.3 provides in part, "[t]he failure of a[ ]... pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure

to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than thirty days has elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that Hoyle's civil rights complaint be **DISMISSED** in accordance with the provisions of Federal Rule of Civil Procedure 41(b) and Local Rule 41.3.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

THUS DONE this 3rd day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE